# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2010

No. 09-30325
Summary Calendar

Lyle W. Cayce
Clerk

JOHNNY LEE ATKINS,

Plaintiff-Appellant

v.

B LOFTON; ERT HALL; EMERGENCY RESPONSE TEAM, Caddo Correctional Center; NURSE JACKSON; STEVE PRATOR; CADDO CORRECTIONAL CENTER; DEPUTY MCDANIEL; DEPUTY COLEMAN; DEPUTY BRUCE; SERGEANT TROUDT; DEPUTY FLINN; SERGEANT WALKER; DEPUTY SPEIGHT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-785

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Johnny Lee Atkins, Louisiana prisoner # 52330, moves this court to proceed in forma pauperis (IFP) on appeal following the district court's order granting summary judgment in favor of the defendants and dismissing his 42 U.S.C. § 1983 complaint and challenges the district court's certification that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). On remand, the district court provided written reasons for the certification, noting that Atkins could not prove that the defendants treated him in a manner that would rise to the level of a constitutional violation. Atkins has filed a supplemental brief in support of his IFP motion contending that he can demonstrate that the defendants violated his constitutional rights.

We may dismiss the appeal sua sponte when it is apparent that an appeal may be meritless. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 5TH CIR. R. 42.2. To raise a nonfrivolous issue, the movant must demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (internal quotation marks and citation omitted).

Atkins filed a pro se civil rights complaint against the Sheriff of Caddo Parish, several Caddo Parish Sheriff Deputies, members of the Caddo Correctional Center (CCC) emergency response team (ERT), and various employees of the CCC, in which he alleged that the defendants did not properly respond to or treat the back injury he claims he sustained as a result of a fall in his cell at the CCC on April 4, 2006. He also alleged that the ERT mishandled him when moving him by stretcher to the infirmary for treatment and that, as a result, he fell off the stretcher. Essentially, he claims that he did not receive the kind of medical treatment or the compassion and respect from the CCC staff that he believes he should have received and that he continued to experience pain resulting from the incident notwithstanding treatment.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A showing of deliberate indifference requires the inmate to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't*

*of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation and citation omitted).

Atkins has not established that any defendant was deliberately indifferent to his medical needs. He testified that he did not believe that the ERT intended for the stretcher to collapse or for him to fall or to be injured, and there is nothing in the record to indicate otherwise. At most, his unfortunate fall from the stretcher was the result of the ERT's carelessness or negligence, neither of which constitutes deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The summary judgment evidence also demonstrates that Atkins received medical attention and treatment after the incident, that he was referred to an outside physician for evaluation and treatment, and that he continued to receive treatment at the CCC infirmary upon request.

A prisoner's disagreement with his medical treatment does not constitute deliberate indifference, absent exceptional circumstances. *Gobert*, 463 F.3d at 346. Further, where deficiencies in medical treatment were minimal, continuing pain alone does not constitute a constitutional violation. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

Atkins has failed to allege facts demonstrating a constitutional violation.[1] His appeal lacks any issue of arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP on appeal is denied, and his appeal is dismissed. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1995). Atkins has at least one prior strike. *See Atkins v. Avoyelles Parish Sheriff's*

---

[1] We do not suggest that we condone any rude or insensitive treatment Atkins may have received. However, rudeness or lack of compassion alone are insufficient to support a cause of action against these parties.

*Office*, No. 07-CV-1059 (W.D. La. 2007).   Atkins is cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED